## ATTACHMENT.

### Isaac C. Bell *vs.* William Hobbs.

*Attachment, and Verdict for Plaintiff, and Motion in Arrest of Judgment.*

1. A declaration in attachment need not recite the issuing and levy of the original process, which already form a part of the record.

2. A formal statement of a promise is not necessary, in an action of assumpsit, where all the facts are set forth, from which the law implies a promise.

On the trial of the above stated case, a verdict was found for the plaintiff, for the sum of $435.16, with interest and cost of suit; and defendant's counsel made a motion, to arrest the judgment in said case, upon the following grounds:

1st. Because it does not appear, on the face of plaintiff's declaration, that the attachment, on which it purports to have been founded, has been returned, executed, or that the same has been levied, on any property whatever of the defendant's, or that the same has not been replevied, as required by Statute, so as to give the Court jurisdiction.

2d. Because there is no allegation, in the said plaintiff's declaration, of any promise, on the part of the defendant, to pay the said plaintiff any sum of money whatever, either expressly or implied; nor is there any allegation of any indebtedness, or legal liability whatever, on the part of said defendant, to said plaintiff, which, in law, will authorise him, the said plaintiff, to have a judgment rendered, by said Court, in his favor.

The only question, which arises, under the first ground of this motion, is, whether it is necessary for a declaration, in a case which has been commenced by attachment, to contain an allegation, that said attachment, the foundation of the suit, had been executed, by being levied on the property of the defendant, and that said property had not been replevied. What then is the office of the declaration? It is a statement of the plaintiff's cause of action; and according to our Statute, the cause of action must be plainly, fully and distinctly

[Bell *vs.* Hobbs.

set forth in the declaration. What, then, is the cause of action, in this case? It is the note, described in the declaration, as having been made by the defendant, William Hobbs, and the plaintiff, as his security; and the allegation, that he was security only, and the fact that Hobbs, the principal, and the plaintiff, his security, had both been sued on said note, and that, during the pendency of the same, the said Hobbs had placed himself in such a condition, as would authorise the issuing of an attachment. These are all the facts, which were necessary to exist, to authorise the attachment to issue; and it seems to me sufficient, to be stated in the declaration; as the original attachment constitutes a necessary and independent part of the case, and its execution, return, levy &c. are just as clearly and fully brought to the consideration of the Court, by an exhibition thereof, as if they were again set forth in the declaration. I therefore consider, that an omission, to state in the declaration the levy, return, and non-replevy of the property, is not such a defect, as would justify the Court, in arresting the judgment.

As to the second ground, it is a general rule, that, in an action of indebitatus assumpsit, the plaintiff must, in his declaration, allege a promise; but it is held, however, that, in declaring in assumpsit on a bill of exchange, against the drawer, or on a promissory note, against the maker, a statement of the facts, which render the defendant liable to pay, is sufficient, without expressly alleging a promise, on his part.—*Gould's Pleading*, 58 —in note, which cites 1 *Salk.* 128; 1 *Stra.* 224; *Lord Ray.* 538; 2 *New Rep.* 63. Then, as all the facts and circumstances, from which the liability of defendant arises, are set forth, in the declaration; an omission to aver an express promise (according to the above authorities) will not vitiate the declaration, and would not, therefore, be a sufficient cause, to arrest the judgment. I am the more inclined to this opinion, when I take into consideration the fact, that many defects, which would be held to be bad, in a declaration, if taken advantage of, by way of demurrer, are cured by a verdict. I am, therefore, of opinion, that the judgment cannot be arrested, on either of the grounds, taken in said rule.

It is, therefore, ordered, that said rule be discharged, and that the verdict and judgment in said case be affirmed.